THE ERIE ELEVATOR COMPANY, THE LONG DOCK COMPANY and THE ERIE RAILROAD COMPANY, appellees,

*v.*

THE MAYOR AND ALDERMEN OF JERSEY CITY and A. HARRY MOORE, collector of Jersey City, appellants.

[Argued July 1st, 1914. Decided December 1st, 1914.]

1. The court of equity has no jurisdiction over the collection of taxes or municipal assessments in the absence of a specific equity.

2. Where a city procures the adjustment of taxes, which are disputed and in arrears, under the "Martin act" (*Comp. Stat. p. 5205*), the report of the commissioners of adjustment when confirmed is binding on the city and taxpayer, and it becomes the duty of the officer, in whose office the record of taxes remains, to cancel all prior assessments and taxes which are included in the report.

3. Where disputed taxes are adjusted, and the city demands and accepts the amount fixed by the commissioners of adjustment, it is thereafter estopped from demanding the payment of taxes levied prior to the adjustment which are included in the adjustment report which has been duly confirmed.

4. A purchaser of the property, after the taxes have been so adjusted, and the amount paid, is entitled to rely upon the acts of the city in procuring an adjustment and demanding and accepting the amount of the adjusted taxes as a discharge of the lien of all prior taxes,· and the city is estopped from refusing to cancel such prior taxes, and from attempting to collect them, and equity has jurisdiction to enforce such estoppel.

5. The circuit court judge has power to open and set aside any reported adjustment upon application, if the report fails to recognize legal principles, or if improvidently confirmed, and to again refer the matter to the commissioners of adjustment, and also to confirm the subsequent report.

6. Where the statute requires the confirmed report to be filed with the city clerk and he renders a bill for the taxes as adjusted, according to a report on file in his office, and collects the taxes according to it, he will not be heard to say that no such report was made, because, after eight years, none can be found in his office, for the presumption arising from his statement that it was filed in his office is not overcome by the mere fact that he cannot now find it there.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevenson, whose opinion is reported in *83 N. J. Eq. 71.*

*Messrs. Vredenburgh, Wall & Carey,* for the Erie Elevator Company, the appellee.

*Messrs. Collins & Corbin,* for the Long Dock Company and Erie Railroad Company, the appellees.

*Mr. Warren Dixon,* for the appellants.

The opinion of the court was delivered by

BERGEN, J.

The collector of the city of Jersey City advertised the lands of the complainants for sale on August 14th, 1911, to make certain taxes, alleged to be unpaid, for the years 1889 to 1902, inclusive, and the complainants filed their bill in equity praying an injunc-

tion to restrain the sale upon the ground that the taxes lawfully levied during the period named had been paid, and that the threatened sale, if allowed to proceed, would work an irreparable loss to the complainants by imposing a cloud upon the title of the lands advertised. The vice-chancellor found that the taxes which had been levied upon the property had been paid and advised a decree that an injunction issue restraining the sale. From this decree the defendant appeals. The record shows that certain taxes levied against this property for years 1884 to 1895, inclusive, being disputed and unpaid, were adjusted by commissioners appointed for that purpose under the statute commonly called the "Martin act" (*Comp. Stat. p. 5205*), who made a report, referred to in the present record as No. 104, adjusting taxes in arrears, which report was duly confirmed by the circuit court; that thereafter, by due proceedings, this adjustment was brought under review in this court where it was adjudged that the same be set aside as to certain taxes, *vide: In the matter of the taxation of the Erie Railroad Co., 65 N. J. Law 608.* This case also determined that the state had collected taxes belonging to the city, and to correct this the legislature, in 1903 (*P. L. p. 22*), directed and empowered the proper state officers to pay to Jersey City the amount of taxes unlawfully collected by the state, and which this court had adjudged belonged to the city. In the meantime other taxes had accrued, and in order to comply with the principles laid down in the case last cited, it was deemed necessary by all parties in interest to have the confirmation of report 104 set aside, which was done by the circuit court judge, upon the application of the city with the consent of all the complainants in this cause, and the question of the adjustment of the unpaid taxes for the years now in controversy, was submitted to the commissioners of adjustment who adjusted the taxes and fixed the amount due in their report thereof, called in this record No. 110, which the complainants claim was duly confirmed, and the amount therein fixed paid by the Erie Elevator Company to the city in 1903, it having rendered a bill for the same, as "taxes, assessments and water rents as adjusted, determined and laid by the commissioners of adjustments," which was duly receipted by the collector of the city. The power of the circuit court to open

the former confirmation is questioned, and the making of the order confirming report No. 110 is denied, by the appellant, which will be subsequently dealt with. Assuming for the present that the power to open the order confirming the earlier report existed, and that the making of the second order was proven, we then have the situation of taxes in arrears, which were disputed, a lawful adjustment and payment thereof, and an attempt by the collector to sell complainants' land to make taxes which have been paid, the payment of which the collector has no authority to enforce by a sale of complainants' land, which, if not restrained, will result in a certificate of sale of complainants' property for taxes, having all the *indicia* of a legal proceeding, thereby imposing a cloud upon complainants' title. As the jurisdiction of the court of chancery to restrain this sale is challenged, it will, if the contention be sound, be unnecessary to consider the other questions raised, and therefore that important question should be first disposed of. That the court of equity has no jurisdiction over the collection of taxes or assessments made in the course of municipal improvements, in the absence of specific equities, must be taken to be settled in this state. *Jersey City* v. *Lembeck, 31 N. J. Eq. 258; City of Elizabeth* v. *Shirley, 35 N. J. Eq. 515.* But an equitable estoppel *in pais* has always been recognized as a ground of equity jurisdiction, of which it is not, in all cases, deprived, because the estoppel may also be available at law, and therefore if, in the present case, the conduct of the defendant has been such as to raise an equitable estoppel, equity would have jurisdiction. We are of opinion that the proofs in this case show a situation arising from the acts of the city, which estops it from repudiating the result of the last adjustment of these disputed taxes.

The proceedings to adjust them were instituted by a resolution of the board of finance of the city adopted July 28th, 1903, in which the basis of the adjustment requested was shown as to each year, and also the sums claimed to be due for taxes. As the amount of taxes claimed to be due by a statement annexed to the resolution, is the sum fixed by the commissioners of adjustment, the inference is warranted that the amount was the result of an agreement between the parties, as they were all applicants for the

appointment of commissioners of adjustment, either as petitioners or consenting thereto. After the adjustment report was approved, as complainants claim, the city rendered a bill for the adjusted sum, and accepted payment thereof, the amount being $261,603.34. What the city is now threatening is to sell the complainants' property for taxes levied before the adjustment, crediting the sum paid on account of such prior taxes.

The statute which the city invoked for the purpose of adjusting the taxes provides, among other things, that the report of the commissioners upon being confirmed by the circuit court "shall be final and conclusive upon the said city," and also upon the landowner, and that the amount fixed by the commissioners shall be a lien upon the land "in lieu and instead of all outstanding claims of the city for arrearages of taxes." The statute further provides that the city comptroller, city collector, city clerk, or other officer in whose office any record of taxes shall remain, shall forthwith cancel all prior liens for taxes held on the lands included in the report, so that, in this case, it was the duty of the city officer, in whose office the record of taxes remain, to cancel all liens for taxes included in the report, levied prior to the making and confirmation thereof.

When these taxes were adjusted the title to the land was in the Erie Railroad Company, subject to a lease to the Erie Elevator Company, which owned the buildings erected on the land by a prior tenant, and the disputed taxes were assessed against the Erie Elevator Company, which paid the amount adjusted October 13th, 1903, and in 1911 that company assigned its interest in the property to the Long Dock Company. The lease contains a covenant that the tenant will pay, as part of the rent, all taxes and assessments imposed by law on the leased premises, which covenant the Long Dock Company assumed in the assignment of the lease to it. We are of opinion that under the circumstances of this case the Long Dock Company is entitled to the protection of the statute which required the city collector, or other proper city officer, to cancel all arrearages of taxes levied prior to the adjustment, and that the city is now estopped from claiming that such prior taxes were not canceled, for what in equity the city should do will be considered to have been done.

This case is, in principle, similar to that of *City of Elizabeth* v. *Shirley, supra,* in which the city comptroller gave a certificate to a proposed purchaser that an assessment which was a lien against the property had been paid, and she relying upon it, paid the purchase price. The assessment was subsequently set aside, and a re-assessment made, which the city sought to enforce against the land. This court held that the certificate estopped the city from collecting the new assessment against the land, and set it aside upon the ground that equity had jurisdiction to enforce the estoppel. In the case at bar, if the city had performed its statutory duty and canceled the prior taxes, the city would have no basis for the proposed sale, and we have no doubt of the right of a court of equity to compel the city to cancel the taxes now sought to be enforced, and to restrain a sale for taxes which will have no existence, if canceled, as required by the statute, and that the Long Dock Company had a right to assume, when the last adjustment report was confirmed, that the city had canceled all prior taxes, and that when it accepted payment of the adjusted sum, it had no further lien on the property.

The case of *Muller* v. *Bayonne, 45 N. J. Eq. 237,* is not in conflict with the foregoing, for in that case no effect was given by law to the certificate of search by the city clerk, as was the situation in the *Shirley Case, supra,* as is pointed out in the opinion in the case cited, while in the present case the statute made it the duty of the city to cancel all prior assessments included in the adjustment, and the city is now estopped to take advantage of its neglect to perform its statutory duty. The right of complainants to the benefit of this estoppel is a specific equity, and under the rule in the *Shirley Case, supra,* equity has jurisdiction to decree the cancellation of all arrearages of taxes included in report No. 110, except as therein adjusted, and, as incident thereto, to restrain a sale for such arrearages.

In addition to what has been said, section 12 of the statute under which the adjustment was made (*P. L. 1886 p. 149; Comp. Stat. p. 5216 § 317*), provides that no writ of *certiorari* shall be allowed to contest or set aside any tax, assessment or lien fixed or determined by the commissioners of adjustment of taxes, unless the application therefor be made within six mouths

from the confirmation of the report. It appears in this case that immediately upon the tax being adjusted, a bill was rendered for the same and a receipt given therefor upon payment, so that by the act of the city, the complainants were naturally led to believe, and had a right to believe, that the proceedings were in due legal form; that the taxes thus compromised and paid, which are now sought to be collected, had been canceled; that the record would disclose that they were no longer a lien upon the land, and, as they had no reason to believe anything to the contrary, no writ of *certiorari* to review the proceedings, or the record concerning them, was applied for within the statutory period, and to now permit the city, nearly eight years after the settlement, to disregard it, long after the right to writ of *certiorari* to review the adjustment proceeding had expired by limitation of law, would be most unconscionable, if not a fraud, which equity should prevent the perpetration of by enforcing the estoppel which arises from the conduct of the city. But the appellant assails the adjustment proceedings taken in 1903 and claims the right to sell the complainants' land to make the taxes as adjusted by the report known as No. 104, crediting thereon the amount paid in satisfaction of the adjustment made by report No. 110, upon the ground that the circuit court had no authority to set aside the order confirming report No. 104, in order that a new adjustment might be made in accordance with the judgment of this court.

We think that the circuit court has the power to set aside such an order if it appears to have been improvidently made, or where an appellate court has determined that the adjustment has been made upon illegal principles, and to send the report back to the commissioners to make a legal adjustment, and that it has the power to confirm, in the manner prescribed by law, the new adjustment such commissioners may report. The next point made by the appellant is, that granting the power of the court to open the confirmation of No. 104, still it is not made to appear that there was any order confirming No. 110. The order confirming the last reported adjustment, it is said, cannot be found. But there is evidence which justifies the finding that such an order was made. Among other facts, it appears that the

bill rendered by the city for the adjusted taxes, which the collector receipted, expressly states that the adjustment was "confirmed by Hon. Chas. W. Parker, Judge of the Circuit Court, and filed in the office of the city collector, September 25th, 1903." Thus it appears by the certificate of the collector that the adjustment report was confirmed; that the confirmation was filed in his office, and that it was acted upon by the collector when he collected the taxes according to that adjustment, otherwise he would have had no authority to collect the taxes or receipt for them, and the city cannot, now, after eight years have elapsed, because of the failure to find the order, which it is admitted was made and filed with the city collector, deny its existence at the time it was acted on and a course of action followed which was necessarily based upon the order.

The statute requires that the confirmation shall be sent to the comptroller of the city, or other officer collecting assessments, to be filed by him in his office. It was, therefore, according to his statement, left in the care of the city collector, and the presumption is that he has it, or at least did have it, which is not overcome by the mere fact that he is not now able to find it in his office. The decree below omits an adjudication that the prior taxes shall be canceled; this, we think, ought to be done, as the refusal or neglect to do so continues the lien and therefore imposed a cloud upon the title to the property, and, as we hold, equity has jurisdiction to enforce the estoppel, it should do complete justice and remove the lien which is a menace to the title. This was done in *City of Elizabeth* v. *Shirley, supra,* where the assessment, which the city was estopped from collecting because of a specific ground of equity growing out of a certificate authorized by law and binding on the city, was set aside.

With this modification the decree below will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, WILLIAMS—11.

*For reversal*—None.