On February 16th, 1928, the complainants trustees in liquidation of Lenape Building and Loan Association became the holder of a mortgage in the amount of $14,500 covering premises known and designated on the tax maps of the City of Elizabeth as 168 Bellevue Street, for which property tax bills were issued and delivered bearing such street and number ever since that time.
About the year 1931 the Lenape Building and Loan Association in pursuance of the terms and provisions of its bond and mortgage and after default in the payment of taxes entered into possession of the said premises, collected the rents and applied the same toward the payment of taxes. *Page 392 
Later, by virtue of foreclosure proceedings on or about the 25th day of February, 1935, the building and loan association became the owner of said premises, and although it had paid the taxes assessed against the foregoing premises described on the tax bills of the City of Elizabeth as 168 Bellevue Street, Elizabeth, New Jersey, the city failed and neglected to enter the payments for the years 1930 and 1935, inclusive, on its books of account except for the year 1933, but on the contrary improperly applied the moneys paid for taxes by the complainant to lands and premises owned by another and immediately adjoining those of complainant.
The complaining trustees allege that by reason of the premises and the refusal of the city to cancel the tax liens its property has been illegally and unlawfully encumbered for unpaid taxes, interest and penalties, and has become unmarketable in that said encumbrances constitute a cloud on the title and pray that the liens of such taxes open on the books of the city may be decreed to be canceled of record to the end that the same may no longer constitute a cloud upon complainants' title.
The complainants having sold the property, it was by order granted leave to pay to the clerk of the court the sum of $2,823, representing the aggregate amount of such taxes which, although paid, appear on the books of the city as outstanding liens, and upon payment of that sum to the clerk of this court, the premises were ordered freed and discharged of such taxes, the lien of the city to attach to said fund in the hands of the clerk, and said money so deposited with the clerk to remain in his hands pending the determination of this suit.
The facts either admitted or proven in this case entitle the complainants to equitable relief. The taxpayer relied, as it had a right to do, upon the correctness of the description of its property by street and number. In taxing districts having a system of numbering houses by street numbers (which it appears is the system adopted here), the assessor "shall add to any other description of real property required to be made, its properstreet number." R.S. 54:4-28. (Italics mine.) The tax assessor properly described the property by its correct *Page 393 
street and number. The mistake was made by the city when the taxes were paid in crediting the payment thereof to an adjoining property not owned by the building and loan association.
The city's refusal to correct its mistake continues the lien of the taxes on the complainants' premises and imposes a cloud upon the title of the property. In such a situation equity has jurisdiction to remove the lien which is a menace to and a cloud upon the title. City of Elizabeth v. Shirley, 35 N.J. Eq. 515;Erie Elevator Co. v. Jersey City, 84 N.J. Eq. 176, 183;92 Atl. Rep. 599; Cahill v. Town of Harrison, 87 N.J. Eq. 524;100 Atl. Rep. 625.
Present decree in conformity with the foregoing.